NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LMT MERCER GROUP, INC., | : | Civil Action No.: 10-4615 (FLW) |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| MAINE ORNAMENTAL, LLC, et al., | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**ARPERT, U.S.M.J**

I.     **INTRODUCTION**

This matter having come before the Court on a Motion by Defendants Maine Ornamental, LLC, Universal Consumer Products, Inc., and Universal Forest Products, Inc. (collectively, "Defendants") for "a stay of this matter pending completion of the U.S. Patent and Trademark Office's reexamination of the patent in suit" [dkt. entry. no. 32], returnable June 6, 2011. Plaintiff LMT Mercer Group, Inc. ("Plaintiff") filed opposition on April 18, 2011.  Defendants filed a reply brief on April 25, 2011.  For the reasons stated herein, Defendants' Motion is granted.

II.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 9, 2010, Plaintiff filed a Complaint against Defendants ("Maine Action") alleging infringement of U.S. Patent No. 6,722,637 ("'637 patent") entitled "Fence Post Accessory Apparatus".  *See* Pl.'s Comp., dkt. entry no. 1 at 1.  Thereafter, Plaintiff filed two (2) separate actions in the United States District Court for the District of New Jersey alleging infringement of the '637 patent against different defendants.  Those matters are captioned *LMT*

*Mercer Group, Inc. v. Home Tops, LLC*, Civ. Action No. 10-6699 (D.N.J. 2010) ("Home Tops Action") and *LMT Mercer Group, Inc. v. McFarland Cascade Holdings, Inc., et al.*, Civ. Action No. 11-0539 (D.N.J. 2011) ("McFarland Action").  Presently, all three (3) actions are assigned to District Judge Freda L. Wolfson and Magistrate Judge Douglas E. Arpert.

On February 1, 2011, Defendants filed a request for *ex parte* reexamination of the '637 patent with the United States Patent & Trademark Office ("USPTO").  *See* Def.'s Br., dkt. entry no. 21-1 at 1-2.  The Court notes that Defendants' made this request based, in part, on a "continuation application" filed by Stallion Fence Accessories – Plaintiff's predecessor in interest – which was rejected by the USPTO with respect to "claims very similar to the claims issued in the '637 patent on the basis of" additional prior art.  *See* Def.'s Br., dkt. entry no. 21-1 at 1-2; *see also* Def.'s Decl. of Melanie Miller ("Miller"), dkt. entry no. 22, Exhs. 1-4.  On February 14, 2011, Defendants filed a motion to stay this matter pending the outcome of their request for *ex parte* reexamination.  *See* dkt. entry no. 21.  The Court notes that on February 9, 2011, the USPTO "issued a Notice of Failure to Comply with Ex Parte Reexamination Request Filing Requirements under 37 C.F.R. § 1.510 and required Defendants to modify" their request within thirty (30) days.  *See* Def.'s Br., dkt. entry no. 32-1 at 1.  On February 17, 2011, Defendants' motion to stay was denied without prejudice.  *See* dkt. entry no. 24.

On March 9, 2011, Defendants filed a second request for *ex parte* reexamination of the '637 patent with the USPTO.  *See* Def.'s Br., dkt. entry no. 32-1 at 2.  On March 29, 2011, the USPTO granted Defendants' request for *ex parte* reexamination.  *See* Def.'s Decl. of Miller, dkt. entry no. 32-2, Ex. 6.  Specifically, the USPTO concluded that "each of the references cited by the [Defendants] raises a substantial new question of patentability with respect to the subject

patent" and, "[a]ccordingly, claims 1-23 of the subject patent will be reexamined". *Id.*, Ex. 6 at 8.

On April 4, 2011, Defendants renewed their Motion to stay this matter pending the USPTO's *ex parte* reexamination of the '637 patent. The Court notes that a similar motion to stay proceedings was filed in the McFarland Action on April 21, 2011. *See LMT Mercer Group, Inc. v. McFarland Cascade Holdings, Inc., et al.*, Civ. Action No. 11-0539 (D.N.J. 2011), dkt. entry no. 10. The Court also notes that a similar motion to stay proceedings was filed in the Home Tops Action on May 13, 2011. *See LMT Mercer Group, Inc. v. Home Tops, LLC*, Civ. Action No. 10-6699 (D.N.J. 2010), dkt. entry no. 18.

A.     **Defendants' Arguments in Support of the Motion to Stay**

Initially, citing *Brass Smith, LLC v. RPI Indus.*, 2010 U.S. Dist. LEXIS 116063, at *19-20 (D.N.J. 2010), *ICI Uniqema, Inc. v. Kobo Prods., Inc.*, 2009 U.S. Dist. LEXIS 108421, at *2-3 (D.N.J. 2009), *Stryker Trauma S.A. v. Synthes*, 2008 U.S. Dist. LEXIS 23955 (D.N.J. 2008), *Eberle v. Harris*, 2005 U.S. Dist. LEXIS 31885 (D.N.J. 2005), *Sabert Corp. v. Waddington N. Am., Inc.*, 2007 U.S. Dist. LEXIS 68092 (D.N.J. 2007), *Cima Labs, Inc. v. Actavis Group HF*, 2007 U.S. Dist. LEXIS 41516, at *30-31 (D.N.J. 2007), *Motson v. Franklin Covey Co.*, 2005 U.S. Dist. LEXIS 34067 (D.N.J. 2005), *GPAC, Inc. v. D.W.W. Enterprises, Inc.*, 144 F.R.D. 60, 64 (D.N.J. 1992), and *Sorensen v. Black and Decker Corp.*, 2007 WL 2696590, at *4 (S.D. Cal. 2007), Defendants maintain that "[a]lthough every case is fact specific, almost every reported New Jersey District Court opinion that has considered the issue has granted a stay where a reexamination request was pending". *See* Def.'s Reply Br. at 6-7. Further, Defendants contend that "[s]tays are particularly appropriate when the reexamination result might assist the court in

3

making a validity determination or would eliminate the need to make an infringement determination" and "are typically only denied in New Jersey because of the late stage of a proceeding", as "a delay [in proceedings] itself is an insufficient basis upon which to deny a stay". *Id*. at 7.

### 1.    A stay will not unduly prejudice Plaintiff.

Defendants argue that "there is no undue prejudice to Plaintiff in the grant of a stay". *Id*. Citing *Stryker*, 2008 U.S. Dist. LEXIS 23955, at *6 and *Cima Labs*, 2007 U.S. Dist. LEXIS 41516, at *30 and noting that "discovery is in its beginning stage", Defendants contend that "a mere claim of delay is an insufficient basis upon which to deny a stay" because "delay is common to all cases that are stayed" and maintain that "any delay would not be for such a protracted or indefinite period to constitute undue prejudice" and would "simplify the issues because it may result in the cancellation, clarification, or limitation of the claims". *Id*. at 7-8. Defendants also state that "given the expertise of the Patent Office, its findings would provide a valuable analysis to the Court". *Id*. at 8. Defendants argue that "Plaintiff could have received any rejections to its patent claims very soon" but "applied the brakes to the reexamination proceeding by refusing to waive a Patent Owner's Statement", thereby preventing the USPTO from acting on reexamination "until the May 29 Patent Owner Statement deadline expires". *Id*.

With respect to the Board of Patent Appeals and Interferences ("BPAI"), citing the MANUAL OF PATENT EXAMINING PROCEDURE § 2273 (2008), Defendants maintain that "Plaintiff's position...is a blatant red herring" because "as a third party requester in this *ex parte* process, Defendants may not appeal the reexamination decision...[and] may not participate in any appeal by Plaintiff to the BPAI". *Id*. Similarly, with respect to the Court of Appeals for the

Federal Circuit, citing 35 U.S.C. § 306, the MANUAL OF PATENT EXAMINING PROCEDURE § 2273 (2008), and *Greenwood v. Seiko Instruments*, 8 USPQ 2d 1455 (D.D.C. 1988), Defendants maintain that "Plaintiff's position...is...totally inaccurate" because "in an *ex parte* proceeding, only the patent owner may seek court review under the Patent Act...and only under certain circumstances" and "the reexamination statute does not provide any review of a patentability decision that favors the patent owner".  *Id*.  Thus, Defendants argue that they "have no ability to affect the post-reexamination decision such that it could work a delay in this action" and that "any delay caused by any appeal...would be solely of Plaintiff's own making".  *Id*. at 8-9.

Finally with respect to Plaintiff's claims of irreparable injury and tactical disadvantage, Plaintiff argues that same are "disingenuous at best".  *Id*. at 9.  Defendants maintain that "Plaintiff and/or its predecessor have known about Defendants' sale of the accused products for six years" and "could have filed this action anytime within the last six years", "could have filed a motion for preliminary injunction if any claimed harm was truly irreparable", and/or "could have avoided a delay in the reexamination proceedings by waiving the Patent Owner's Statement process" but chose not to do any of those things.  *Id*.  Thus, Defendants argue, Plaintiff's claims of prejudice based on any delay occasioned by the reexamination process is "mere posturing".  *Id*.

### 2.    A stay will simplify the issues for trial and conserve judicial resources.

Defendants argue that Plaintiff's protestations that "a stay will not conserve judicial resources flies in the face of this Court's well-seasoned jurisprudence".  *Id*. at 10.  Citing *Eberle v. Harris*, 2005 WL 6192865, at *2 (D.N.J. 2005), *GPAC*, 144 F.R.D. 60, 64, and *ICI Uniqema*, 2009 U.S. Dist. LEXIS 108421, at *3, Defendants maintain that "the New Jersey District Courts

5

have long enumerated the many advantages of staying litigation pending patent reexamination, including: (1) a review of all prior art presented to a court by the Patent Office with its particular expertise; (2) the potential alleviation of numerous discovery problems relating to prior art by Patent Office examination; (3) the potential dismissal of a civil action should invalidity of a patent be found by the Patent Office; (4) encouragement to settle based upon the outcome of the Patent Office; (5) an admissible record at trial from the Patent Office proceedings which would reduce the complexity and length of the litigation; (6) a reduction of issues, defenses and evidence during pre-trial conferences; and (7) a reduction of costs for the parties and a court". *Id.* at 9-10.

With respect to Plaintiff's claim that "reexamination is unlikely to lead to the cancellation or modification of any claims", Defendants point out that "in 75% of all reexaminations claims are at least changed".  *Id.* at 10.  Defendants argue, therefore, that it is "highly probable...that Plaintiff's patent claims will either be modified or invalidated during...reexamination".  *Id.* Thus, Defendants maintain that if the Court denies their Motion, "the parties will be forced to litigate through *Markman*-related deadlines while the disputed claims are simultaneously reexamined by the Patent Office".  *Id.*  at 10-11.  Defendants contend that "a stay should be granted so that the parties and the Court are not forced to revisit *Markman* results if the claims of the '637 patent are rejected".  *Id.* at 11.

Additionally, Defendants note that Plaintiff "has filed three separate lawsuits in this judicial district alleging infringement of the '637 patent".  *Id.*  Defendants contend that "a stay in this case would work an immediate and tremendous savings in judicial resources by placing a hold on at least one case in this cascade of Plaintiff-instigated litigation".  *Id.*

6

### 3.    A stay is warranted based upon the stage of this litigation.

Defendants state that "it is unquestionable that this case is in the earliest stage of litigation" as "no depositions have been taken", "no documents have been exchanged", "no trial date has been set", and "the parties are not even due to respond to the first round of discovery requests until next month". *Id*. at 11.  In opposition to the "district court cases from Texas and California" cited by Plaintiff "for the proposition that denying a stay is appropriate even when litigation is in its early stages", Defendants cite *Brass Smith*, 2010 U.S. Dist. LEXIS 116063, at *19-20 (D.N.J. 2010) and argue that Plaintiff ignores "the well-settled decisional law of this jurisdiction" that in "almost every reported New Jersey District Court opinion that has considered the issue has granted a stay where a reexamination request was pending". *Id*.  Citing *GPAC*, 144 F.R.D. 60, *Brass Smith*, 2010 U.S. Dist. LEXIS 116063, and *Cima Labs*, 2007 U.S. Dist. LEXIS 41516, Defendants maintain that "stays are typically only denied in New Jersey because of the late stage of a proceeding" such as "when discovery [is] almost completed or the matter has been set for trial". *Id*. at 11-12.  Given the early stage of this litigation, Defendants argue, "the grant of a stay and is consistent with well-established...law on the granting of stays pending patent reexamination".  *Id*. at 12.

### 4.    If the Court is inclined to grant a stay, same should not be subject to any conditions.

Despite Plaintiff's request that "any stay be granted only if...Defendants are prohibited from challenging the validity of the '637 patent based on prior art considered during reexamination...[and] from expanding their market for the accused products during the stay", Defendants contend that "such a request is wholly unsupportable by applicable law or this

Court's precedent". *Id.*

> **(a)     Defendants should retain their right to make invalidity challenges.**

With respect to prohibitions related to prior art cited during reexamination, Defendants note that such a ruling would mean that they "would be unable to challenge the validity of any claims that survive the Patent Office's reexamination based on prior art that the Patent Office considers". *Id.*   Citing 35 U.S.C. § 314(b)(2), Defendants maintain that "Congress made a distinction between *ex parte* reexaminations...and *inter partes* reexaminations" such that "in an *inter partes* examination, a third-party requester can file written comments with the Patent Office addressing the patent owner's arguments or issues raised by the Patent Office". *Id.*  As a result, pursuant to 35 U.S.C. § 315(c) "Congress estops the third-party requester from asserting...the invalidity of any of the claims that the Patent Office deems valid in the *inter partes* reexamination" in a later civil action.  *Id.*   Oppositely, citing 35 U.S.C. § 305, Defendants maintain that "*ex parte* reexaminations do not allow a third-party requester to present its side of the case" – "only the patent holder is involved".  *Id.* at 12-13.  As a result, pursuant to 35 U.S.C. § 306 "Congress...does not estop a third-party requester in an *ex parte* reexamination from challenging validity in a future civil action".  *Id.* at 13; *see also WABCO Holdings, Inc. v. Bendix Commer. Vehicle Sys.*, 2010 U.S. Dist. LEXIS 64036, at *8-9 (D.N.J. 2010).  Citing *GPAC*, 144 F.R.D. at 65-66 and *WABCO*, 2010 U.S. Dist. LEXIS 64036, at *7, Defendants note that in similar circumstances courts have "granted a stay and dismissed the plaintiff's request to bind defendants to the Patent Office's decision on validity" because "the Patent Office's decision would result in one of two outcomes", either "(1) the Patent Office Could declare the patents

unpatentable (eliminating the need for the trial and justifying the stay) or (2) the Patent Office could find the claims to be valid (aiding the Court when considering the claims during litigation)". *Id*. Defendants argue that "staying this matter without binding [them] to the Patent Office's decision will not prejudice Plaintiff in any meaningful way" and maintain that Plaintiff's request for conditions related to the stay should be denied. *Id*.

### (b)    Defendants should not be enjoined from expanding their market.

With respect to any prohibition related to Defendants "enjoying any expanded market share of their products during a stay", Defendants argue that same would be "contrary to established law". *Id*. Citing *WABCO*, 2010 U.S. Dist. LEXIS 64036, at *8-9, Defendants maintain that the Court is "free to fashion whatever legal and equitable relief it deems proper at the conclusion of this case" and thus "there is simply no need to impose Plaintiff's requested limitations at this time". *Id*. at 13-14. Citing *WABCO*, 2010 U.S. Dist. LEXIS 64036, at *8-9 and *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390-92 (2006), Defendants argue that "such a restriction [would be] an effective injunction" and that, to date, Plaintiff has failed to address or "satisfy the four-factor test" that is required "in order to receive a permanent injunction". *Id*. at 14. Defendants contend that enjoining them "from lawfully selling its products without any showing under [the] four-factor test would effectively deny Defendants their due process". *Id*. Noting that "competition is a basic tenet of the marketplace in the United States", Defendants maintain that "the only way a party can eliminate competition with a competitor with a similar product is through the enforcement of a valid patent". *Id*. Defendants argue that they "have every right to challenge...[the] validity" of the '637 patent and that staying

9

this matter without restricting the free-flow of competition will not prejudice Plaintiff because any/all appropriate legal and equitable relief will be available through the Court at the conclusion of this case.  *Id.*

      **B.**    <u>**Plaintiff's Arguments in Opposition to the Motion**</u>

Initially, citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936), Plaintiff maintains that "[a]lthough the Court's inherent power to control its own docket includes the power to stay proceedings, the Court must weigh competing interests and maintain an even balance" such that "the party moving for a stay must make out a clear case of hardship or inequity in being required to go forward...if there is even a fair possibility that the stay for which he prays will work to damage someone else".  *See* Pl.'s Opp'n Br. at 5.  Citing *BarTex Research LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 650 (E.D. Tex. 2009) and *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427-28 (Fed. Cir. 1988), Plaintiff contends that "litigation and reexamination are not mutually exclusive alternatives for the parties to test the validity of a patent...[and] may be concurrent proceedings".  *Id*. at 6.  Citing *eCOMSYSTEMS, Inc. v. Shared Mktg. Servs., Inc.*, Case No. 8:10-CV-1531, slip. op. at 4 (M.D. Fla. 2011), *MercExchange, LLC v. eBay, Inc.*, 500 F. Supp. 2d 556, 563 (E.D. Va. 2007), and *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005), Plaintiff argues that a "district court is under no obligation to delay its own proceedings by yielding to ongoing USPTO patent reexaminations, regardless of their relevancy to infringement claims" because "such a rule would invite parties to unilaterally derail litigation".  *Id*.  Citing *Wyeth v. Abbott Labs.*, 2001 WL 380902, at *2 (D.N.J. 2011), Plaintiff maintains that courts generally weigh the following three factors to determine whether to grant a stay pending reexamination: "(1) whether a stay would unduly prejudice or present a clear tactical

disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date is set". *Id*. Based on all of the above, Plaintiff argues that Defendants have "not made any showing of hardship or inequity" and have not demonstrated a "compelling need for a stay". *Id*. Oppositely, Plaintiff contends that it has shown there is "a strong possibility that a stay will harm [its interests]" and that "the results of reexamination will likely be appealed, resulting in further delay in a final determination". *Id*.

      1.      **The factors cited above weigh in favor of denying a stay.**

           (a)      **A stay will unduly prejudice and tactically disadvantage Plaintiff.**

Plaintiff maintains that a stay would be prejudicial for the following reasons: "(1) it would give Defendants two bites at asserting the same prior art against the '637 patent, (2) interfere with Plaintiff's ongoing licensing program, (3) allow Defendants to continue to knock off Plaintiff's patented solar-powered fence post lights, and (4) erode Plaintiff's market share". *Id*. at 7. Plaintiff contends that it "will be financially disadvantaged, lose market share and suffer irreparable harm to its goodwill while Defendants continue to sell infringing and knock-off products until a final disposition of the validity of the '637 patent is complete" if a stay is granted. *Id*. Plaintiff states that "the reexamination process is but a first step, followed by appeals to the BPAI and Court of Appeals for the Federal Circuit". *Id*. On average, it takes "25.6 months to complete the reexamination process from the filing date to the certificate issue date" and, "if these results are appealed to the BPAI, it will be nearly three years until a decision is rendered" . *Id*. Thereafter, "either party may appeal to the Court of Appeals for the Federal

Circuit". *Id*. Plaintiff argues that "if this Court determined that it could not independently consider the merits of this case, the entirety of the delay would clearly and significantly disadvantage Plaintiff in its ability to retain its legally protected patented products". *Id*.

Noting that it is a "direct competitor" with Defendants, Plaintiff maintains that granting a stay will allow Defendants to "continue to sell infringing goods" and thereby erode Plaintiff's market share and goodwill throughout the pendency of the entire reexamination process and any subsequent appeals. *Id*. at 8. Citing *Heraeus Electro-Nite Co., LLC v. Vesuvius USA Corp.*, 2010 WL 181375 (E.D. Pa. 2010), *Nidec Corp. v. LG Innotek Co., Ltd.*, 2009 WL 3673433, at *4 (E.D. Tex. 2009), *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 2011 WL 487574, at *2 (D.N.J. 2011), and *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009), Plaintiff argues that "compensation for these harms cannot be remedied by damages" when the "parties are direct competitors" due to the loss of "substantial profits...[and] goodwill in the market" caused by any delay. *Id*.

Finally, citing *BarTex*, 611 F. Supp. 2d at 651-52 and *Gladish v. Tyco Toys, Inc.*, 1993 WL 625509, at *2 (E.D. Cal. 1993), Plaintiff contends that any delay may create "a tactical disadvantage at trial" due to the "expected loss of critical evidence as witnesses could become unavailable, their memories [could] fade, and evidence may be lost". *Id*. Further, Plaintiff argues that Defendants' strategy "would derail the litigation and interfere with Plaintiff's licensing of the '637 patent so that Defendants can continue to manufacture and sell infringing product and take market share away from Plaintiff and its licensees". *Id*. at 8-9. Defendants refusal to accept Plaintiff's stipulation to stay this matter, thereby agreeing not to assert "the same prior art cited during reexamination before the Court in this action when the stay is lifted"

in order "to conserve resources and eliminate duplicative issues", is telling and demonstrates that Defendants "seek only to derail this litigation and delay a final resolution of the issues" in order to reap a benefit in the marketplace. *Id*. at 9.

>    **(b)    A stay will not simplify issues at trial and is unlikely to conserve judicial resources.**

Plaintiff maintains that a stay "will not simplify issues at trial because reexamination is unlikely to lead to the cancellation or modification of any claims", "reexamination will not address many of the issues in dispute in this lawsuit", and Defendants "seek to assert the same prior art at trial that [they have] submitted to the USPTO in its request for reexamination". *Id*.

Plaintiff contends that "the prior art cited by Defendants is cumulative of prior art examined during the prosecution of the application for the '637 patent" – specifically, in its request for reexamination, Defendants cited U.S. Patent No. 5,367,422 to Frost et al. ("Frost") and U.S. Patent No. 5,453,729 to Chu ("Chu") as the basis for its contention that the '637 patent was anticipated by or obvious over the prior art". *Id*. at 9-10.  Plaintiff argues that "these references disclose nothing more than the prior art that the USPTO examiner considered during prosecution of the application for the '637 patent" and that "it is very likely that the '637 patent will emerge from reexamination with claims still covering Defendants' solar-powered fence post lights". *Id*. at 10.

Citing *eCOMSYSTEMS*, slip op. at 6 and *Tomco2 Equip. Co. v. S.E. Agri-Systems, Inc.*, 542 F. Supp. 2d 1303, 1306 (N.D. Ga. 2008), Plaintiff maintains that it is "unlikely that reexamination will simplify the issues at trial or promote judicial efficiency because the *ex parte* reexamination findings will not bind Defendants" such that they may "assert the same prior art

references cited to the USPTO" and thereby force "Plaintiff to litigate the exact same issues before the Court that it is defending against in reexamination". *Id*.  Citing the MANUAL OF PATENT EXAMINING PROCEDURE § 2217 (2008) and *BarTex*, 611 F. Supp. 2d at 653, Plaintiff notes that the USPTO "will only consider patents or printed publications" during reexamination and that "those references must be applied directly to claims under reexamination under 35 U.S.C. 103 and/or an appropriate portion of 35 U.S.C. 102" such that Defendants "may also raise invalidity arguments at trial other than those currently before the USPTO". *Id*. 10-11.  Beyond incorrectly naming the inventors for the '637 patent in their Answer, Defendants have raised "other affirmative defenses that cannot be disposed of by reexamination, including that: (1) Plaintiff lacks standing; (2) Plaintiff fails to state a claim upon which relief can be granted; (3) Defendants have not and do not infringe, have not and do not willfully and deliberately infringe the '637 patent; (4) Plaintiff's claims are barred in whole or in part due to patent misuse; (5) Plaintiff's claims are barred by the doctrine of unclean hands; and (6) Plaintiff's claims are barred by the doctrine of estoppel". *Id*. at 11.  Given that the "Court will need to address these issues eventually", a "stay of the proceeding would not simplify the issues at trial or promote judicial economy". *Id*.

Finally, Plaintiff argues that the Motion is "premature because the USPTO has not issued any rejections of the claims of the '637 patent" and has "determined only that the prior art cited by Defendants, which was not cited during the original prosecution of the '637 patent, presents a substantial new question of patentability". *Id*.  Citing *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996), *Nidec Corp.*, 2009 WL 3673433, at *6, Plaintiff maintains that "the USPTO's decision to reexamine the claims of the '637 patent cannot be

14

perceived as a determination of invalidity" and the Court "should not put too much weight on the USPTO's actions because the showing required to obtain an order granting *ex parte* reexamination is easily reached". *Id*. at 11-12. In the first quarter of the 2011 fiscal year, "98%" of the requests for *ex parte* reexamination were granted by the USPTO. *Id*. at 12. Plaintiff notes that it now has the "opportunity to respond to the USPTO's initial determination" and that same "may result in the USPTO terminating the reexamination proceeding without issuing a single substantive rejection of any claim". *Id*. Assuming the USPTO decides to move forward, Plaintiff contends that "it is very unlikely that the USPTO will determine that all of the claims of the '637 patent are invalid" as "87% of patents will survive with confirmation of at least some of the claims". *Id*. Citing *Whatley v. Nike Inc.*, 54 U.S.P.Q. 2d 1124, 1126 (D. Or. 2000), Plaintiff argues that "the invalidity issues raised by Defendants and the '637 patent itself are not so overly complex as to require the USPTO's guidance" and that a "stay will likely only result in harm to Plaintiff". *Id*. at 12-13.

   **(c)     A stay should not be granted at this stage in the litigation.**

   Plaintiff notes that "at the time of Defendants' filing of [their] renewed motion to stay, both parties had initiated discovery in anticipation of an upcoming trial". *Id*. at 13. Citing *Wyeth*, 2011 WL 380902, at *3-4 and *Sunbeam Prods. Inc. v. Hamilton Beach Brands, Inc.*, 2010 WL 1946262, at *3 (E.D. Va. 2010), Plaintiff maintains that although Defendants believe "it is too early in the proceedings to deny the issue of stay, this District recognized that although the advanced nature of a case approaching trial may weigh heavily against granting a stay, the opposite inference – that a suit in the early stages should weigh heavily in favor of a stay – is not true". *Id*. In support of the proposition that "courts have denied a stay at a similar, or earlier,

15

stage of litigation", Plaintiff cites *Ariba Inc. v. Emptoris, Inc.*, 2007 WL 3132606, at *1-2 (E.D. Tex. 2007), *Biax Corp. v. Fujitsu Computer Sys. Corp.*, 2007 WL 614187, at *2 (E.D. Tex. 2007), *Sighting Sys. Instruments, LLC v. Prestige Law Enforcement, Inc.*, 2006 WL 2642184, at *4 (N.D. Tex. 2006), and *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1033 (C.D. Cal. 2005). *Id*. at 13-14.

Separately, Plaintiff argues that the "cases cited by Defendants supporting a grant of a stay at later stages of litigation than the present case are distinguishable". *Id*. at 14. In *Gonnocci v. Three M Tool & Machine, Inc.*, 2003 WL 22870902, at *4 (E.D. Mich. 2003), "the parties had previously settled claims with respect to another patent" so that in granting a stay, "the court opined that the USPTO reexamination proceedings [might] facilitate another settlement". *Id*. Plaintiff notes that such is not the case here. In *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, 1987 WL 6314, at *4 (N.D. Ill. 1987), "the court granted a stay where defendant had assured the court that it would not contest the issues decided by the [US]PTO in reexamination, thereby simplifying the issues". *Id*. Plaintiff notes that Defendants have "flatly refused to accept this condition in exchange for Plaintiff's acquiescence to a stay". *Id*. In *Grayling Indus. v. GPAC, Inc.*, 1991 WL 236196, at *1 (N.D. Ga. 1991), "the court granted a motion to stay brought by plaintiff in a declaratory judgment action for invalidity and non-infringement where there was no counterclaim for damages based on infringement" based on the finding that "there is less prejudice to [a] patentee that has not asserted [a] claim for damages based on infringement". *Id*. In *Loffland Bros. Co. v. Mid-Western Energy Corp.*, 1985 WL 1483, at *1 (W.D. Okla. 1985), "the court granted a stay where the USPTO had already rejected all claims of the patent under reexamination". *Id*. Plaintiff notes that in *Loffland*, "reexamination was at a later stage than it is

16

here and there was greater indication that reexamination would be dispositive of the case". *Id.* In *Bausch & Lomb, Inc. v. Alcon Labs., Inc.*, 914 F. Supp. 951, 952-53 (W.D.N.Y. 1996), "a stay was granted where claims in a related continuation application that were similar or nearly identical to the claims on reexamination were all rejected...and there was already a flurry of activity in connection with the reexamination proceeding at the USPTO". *Id.* at 14-15. Plaintiff argues that "none of these cases are on point with the facts of this case" and therefore requests that the Court deny the Motion. *Id.* at 15.

> **2.    Although Plaintiff denies that a stay is warranted, if the Court is inclined to grant Defendants' Motion, any stay should be conditioned to conserve judicial resources and minimize prejudice to Plaintiff.**

Should the Court be inclined to stay this matter, Plaintiff argues that "such a stay should have certain conditions to minimize the prejudice to Plaintiff and [to conserve] judicial resources". *Id.* Citing *Emhart*, 1987 WL 6314 and *Heraeus*, 2010 WL 181375, Plaintiff maintains that "many courts have granted stays only upon certain stipulations or conditions...such as the defendant's inability to assert at trial any prior art cited during reexamination...and the defendant's withdrawal of allegedly infringing products from the marketplace during the stay". *Id.* If a stay is entered in this matter, Plaintiff requests the following conditions be imposed: "(1) Defendants shall not be permitted to challenge the validity of the '637 patent at trial based on any prior art cited by or provided to the USPTO during reexamination; and (2) Defendants shall not expand [their] market for solar-powered fence post lights for the duration of the stay". *Id.*

### III.    DISCUSSION

####    A.    Legal Standards

#####        1.    Stay Proceedings

17

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)(*citing Kansas City Southern Ry. Co. v. U.S.*, 282 U.S. 760, 763 (1931); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935)). "Especially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted."  *Id*. at 256.  Specifically, "a United States district court has broad power to stay proceedings."  *Bechtel Corp. v. Laborers' International Union*, 544 F.2d 1207, 1215 (3d. Cir. 1976).  "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues."  *Id*.; *see also American Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937).  However, "it is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity', if there is 'even a fair possibility' that the stay would work damage on another party."  *Gold v. Johns-Mansville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983)(*citing Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).

With respect to patent cases, courts have "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent".  *P&G v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir.), *cert. denied*, 464 U.S. 935 (1983); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988).  However, "a stay should ordinarily not be granted unless there is a

18

substantial patentability issue raised" and "both a preliminary injunction and a stay ordinarily should not be granted at the same time" because this "could subject an accused infringer to unfair and undesirable delay in reaching a final resolution".   *Id*.; *see also Amazon.com v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350-51 (Fed. Cir. 2001).

"A district court is not required to stay a proceeding pending reexamination", although "one purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives reexamination proceedings)".   *Cross Atl. Capital Partners., Inc. v. Facebook, Inc.*, 2008 U.S. Dist. LEXIS 62869, at *2 (E.D. Pa. 2008); *see also Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).  "[G]ranting a stay is favored" and is "particularly appropriate when the reexamination result might assist the court in making a validity determination or would eliminate the need to make an infringement determination".   *Id.* at *2-3; *see also Alltech, Inc. v. Cenzone Tech, Inc.*, 2007 U.S. Dist. LEXIS 19989 (S.D. Cal. 2007); *ASCII Corp v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *In re Cygnus Telecomm. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).  In fact, "[a]lthough every case is fact specific, almost every reported New Jersey District Court opinion that has considered the issue has granted a stay where a reexamination request was pending".   *Brass Smith, LLC v. RPI Indus.*, 2010 U.S. Dist. LEXIS 116063, at *19-20 (D.N.J. 2010).  However, "litigation and reexamination are not mutually exclusive alternatives for the parties to test the validity of a patent–they may be concurrent proceedings".   *BarTex Research v. FedEx Corp.*, 611 F. Supp. 2d 647, 650 (E.D. Tex. 2009); *see also Ethicon*, 849 F.2d 1422, 1427-28.  District courts are "under no obligation to delay [their] own proceedings by yielding to

19

ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze". *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 563 (E.D. Va. 2007).   Adoption of a "per se rule that patent cases should be stayed during reexamination...would not promote the efficient and timely resolution of patent cases, but would invite parties to unilaterally derail timely patent case resolution by seeking reexamination". *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 663 (E.D. Tex. 2005).

"Courts have enumerated many advantages with respect to staying a civil action pending PTO reexamination of a patent, which include: (1) a review of all prior art presented to a court by the PTO, with its particular expertise; (2) the potential alleviation of numerous discovery problems relating to prior art by PTO examination; (3) the potential dismissal of a civil action should invalidity of a patent be found by the PTO; (4) encouragement to settle based upon the outcome of the PTO reexamination; (5) an admissible record at trial from the PTO proceedings which would reduce the complexity of the litigation; (6) a reduction of issues, defenses and evidence during pre-trial conferences; and (7) a reduction of costs for the parties and a court". *ICI Uniqema, Inc. v. Kobo Prods., Inc.*, 2009 U.S. Dist. LEXIS 108421, at *3 (D.N.J. 2009); *see also Eberle v. Harris*, 2005 U.S. Dist. LEXIS 31885 (D.N.J. 2005); *GPAC, Inc. v. D.W.W. Enterprises, Inc.*, 144 F.R.D. 60, 63 (D.N.J. 1992).   "District courts have listed the following factors to determine whether a stay is appropriate: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set". *Cross Atl.*, 2008 U.S. Dist. LEXIS 62869, at *3-4; *see also In re Laughlin Prods. Inc.*, 265 F. Supp. 2d 525, 530-31 (E.D. Pa. 2003); *Sabert Corp. v. Waddington North Am., Inc.*, 2007 U.S. Dist. LEXIS 68092 (D.N.J. 2007); *Alltech*, 2007 U.S. Dist. LEXIS 19989;

*Cygnus*, 385 F. Supp. 2d at 1023; *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999); *ASCII*, 844 F. Supp. at 1380; *GPAC*, 144 F.R.D. at 66; *ICI Uniqema*, 2009 U.S. Dist. LEXIS 108421, at *4.

### B.     Defendants' Motion

Here, the Court finds that advancing this litigation while *ex parte* reexamination is pending before the USPTO may be an exercise in futility.  If claims 1-23 of the '637 patent are invalidated, the basis for this lawsuit may be moot and the case dismissed.

Further, with respect to the factors used to determine the appropriateness of a stay, the Court finds that they also weigh in Defendants' favor.  While the Court appreciates that a stay would delay these proceedings, delay alone is not a sufficient reason to deny a stay.  *See Stryker Trauma S.A. v. Synthes*, 2008 U.S. Dist. LEXIS 23955 (D.N.J. 2008); *see also Sorensen v. Black and Decker Corp.*, 2007 U.S. Dist. LEXIS 66712 (S.D. Cal. 2007).  Similarly, while the Court appreciates Plaintiff's concern that Defendants are competitors who may continue selling infringing goods and eroding market share and goodwill during a stay, Plaintiff chose not to file a preliminary injunction in this matter and the Court denies Plaintiff's request to impose any restraints on Defendants at this time with respect to conducting commerce in the marketplace. *See WABCO Holdings, Inc. v. Bendix Commer. Vehicle Sys.*, 2010 U.S. Dist. LEXIS 64036, at *8-9 (D.N.J. 2010).  Importantly, the Court notes that all of Plaintiff's legal and equitable remedies in this civil action will be available when the stay is lifted; a stay does not foreclose Plaintiff from any remedy.  Given that discovery in this matter has only recently begun (*see* dkt. entry 27) and the fact that no trial date has been set, and based upon the factors cited with respect to the advantages of granting a stay while the USPTO conducts a reexamination (*see ICI Uniqema*, 2009 U.S. Dist. LEXIS 108421, at *3), the Court also finds that a stay may ultimately

simplify the issues in question and trial of this case.

     As set forth in *Sorensen*, 2007 U.S. Dist. LEXIS 66712, at *18-19,

> If the PTO does not invalidate or otherwise alter the claims of the patent, the plaintiffs' legal remedy remains unaffected.  Moreover, if the claims are narrowed, both sets of parties will have benefitted by avoiding the needless waste of resources before this Court, and again, the plaintiffs will be able to pursue their claim for money damages at trial.  Finally, if the claims are strengthened, the plaintiffs' position will be as well, and their likelihood of monetary damages will increase.

At the same time, based upon the fact that "the Federal Circuit has recently confirmed that the PTO would not be bound in its reexamination by the determinations of [a district court]",

> not only is plaintiff unlikely to be prejudiced in these proceedings by a stay pending the PTO reexamination, but defendants would potentially be prejudiced by failing to enter a stay. ...Not only could the court and the PTO reach conflicting determinations, but one possible scenario could result in irreparable harm to defendant: if this court finds that the patent is not invalid and the defendant has infringed it, and orders defendant to pay damages to plaintiff for such infringement, then defendant would have no ability to recover those damages if at a later date the PTO determined that the patent is invalid.

*Sorensen*, 2007 U.S. Dist. LEXIS 66712, at *15; *see also Bausch & Lomb, Inc. v. Alcon Lab.*, Inc., 914 F. Supp. 951, 952 (W.D.N.Y. 1996).  Contrary to the argument proffered by Plaintiff, the Court finds that "Congress...does not estop a third-party requester in an *ex parte* reexamination from challenging validity in a future civil action...in the same way that it does in *inter partes* reexaminations" although it could have included a similar legislative provision to that effect.  *WABCO*, 2010 U.S. Dist. LEXIS 64036, at *6-8; 35 U.S.C. §§ 305, 306, 314, 315.

As a result, and based on the fact that a USPTO decision will be beneficial to the Court by either declaring the patent "unpatentable...[and] eliminating the need for the trial" or by finding the "claims to be valid...[and thereby] aid[ing] the Court when considering the claims during

litigation", the Court denies Plaintiff's request to limit Defendants' ability to challenge the validity of the '637 patent in this matter based upon prior art cited in the ex parte reexamination. *Id*.; *see also GPAC*, 144 F.R.D. at 65-66; *Gould*, 705 F.2d at 1342.

While the Court recognizes that the Complaint in this case was filed in September 2010 and discovery has recently commenced, failing to grant a stay at this time may in fact prolong, rather than expedite, this litigation.

## IV.    CONCLUSION AND ORDER

The Court having considered the papers submitted and opposition thereto, and for the reasons set forth above;

**IT IS** on this 24th day of May, 2011,

**ORDERED** that Defendants' Motion for "a stay of this matter pending completion of the U.S. Patent and Trademark Office's reexamination of the patent in suit" [dkt. entry. no. 32] is **GRANTED**; and it is further

**ORDERED** that counsel for Defendants shall notify the Court within ten (10) days of any disposition of the USPTO's *ex parte* reexamination of the '637 patent.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**